**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

SHAUN GREEN,

                             **Petitioner,**

              v.                                  **9:16-CV-1407
                                                                 (FJS)**

**MICHAEL KIRKPATRICK,**

                             **Respondent.**

_____

**APPEARANCES**                                                 **OF COUNSEL**

**SHAUN GREEN
13-A-1994**
Attica Correctional Facility
Box 149
Attica, New York 14011
Petitioner _pro se_

**OFFICE OF THE NEW YORK**                         **LISA E. FLEISCHMANN, AAG**
**STATE ATTORNEY GENERAL**
120 Broadway
New York, New York 10271
Attorneys for Respondent

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Petitioner Shaun Green filed a petition for a writ of habeas corpus and a memorandum of law pursuant to 28 U.S.C. § 2254. _See_ Dkt. No. 1, Petition; Dkt. No. 1-1, Memorandum of Law ("Petitioner's Memorandum"). He raised the following substantive grounds for habeas relief: (1) the trial court erred in denying his motion for a mistrial (Ground One); (2) the trial court improperly admitted photographs of the victim (Ground Two); (3) the trial court should have precluded evidence

of the victim's call to 911 due to an inadequate foundation (Ground Three); (4) the trial court should have precluded the recording of the victim's call to 911 because the prosecutor failed to serve timely notice of intent to offer at trial, and trial counsel was ineffective to the extent she did not adequately object to the introduction of the 911 recording (Ground Four); (5) the trial court should have precluded evidence of a photo array identification (Ground Five); and (6) the police lacked probable cause to arrest him (Ground Six). *See* Petition at 6-15; Petitioner's Memorandum at 4-24.

Respondent opposes the petition. *See* Dkt. No. 14, Answer; Dkt. No. 14-1, Memorandum of Law in Opposition to the Petition for a Writ of Habeas Corpus ("Respondent's Memorandum"); Dkt. No. 15, State Court Records ("SR").

## II. RELEVANT BACKGROUND

Petitioner was convicted, following a jury trial in Albany County Court, of burglary in the second degree, *see* N.Y. Penal Law § 140.25(2), and robbery in the third degree, *see* N.Y. Penal Law § 160.05. *See* Petition at 1; *People v. Green*, 127 A.D.3d 1473, 1473 (3d Dep't 2015); Dkt. No. 15-4, ("Trial Transcript")[1] at 76-77. The charges stemmed from an incident that occurred on June 14, 2012, in Cohoes, New York. *See Green*, 127 A.D.3d at 1473-74. The Appellate Division found as follows:

> Around midnight on June 14, 2012, defendant and his three accomplices -- two men and one woman -- forcibly entered the home of an 86- year-old man (hereinafter the victim) in the City of Cohoes, Albany County. Once inside, defendant and the others repeatedly beat the victim, including kicking him and striking him in the head and face with a BB gun. While in the residence, the perpetrators breached the victim's safe and stole approximately $30,000 worth of jewelry and rare coins. The

---

[1] The trial transcript is located at Docket Numbers 15-2, at 189-453; 15-3, at 1-444; and 15-4, at 1-83. When citing the trial transcript, the Court will note that the citation is located in the trial transcript and will cite to the page number that the Court's electronic filing system has generated.

> following day, two of defendant's accomplices were apprehended, both of whom implicated defendant. Thereafter, defendant was arrested and charged in a five-count indictment with crimes stemming from the home invasion.
>
> * * * * * * * * * *
>
> Here, the victim informed the police that, at about midnight on the night in question, a woman he had previously met through one of his tenants rang the doorbell, knocked on his back door and requested to use his telephone. The victim obliged and allowed the woman to use the telephone on his back porch. When the woman knocked again, she and three masked men rushed into the house. The victim described all three as black men of average build and average height. After speaking with the victim's tenant, the police learned the location of the female accomplice's residence. That apartment was searched and its numerous occupants -- including, but not limited to, the leaseholder and Nekaya Rodriguez, who matched the victim's description of the female perpetrator -- were interviewed. During her interview, Rodriguez admitted to her role in breaking into the victim's house and identified one of her accomplices by the street name of SG. Similarly, the leaseholder informed police that an individual she knew as SG was at her apartment on the night of the incident and that he had gone for a walk with three others. According to the leaseholder, when SG and the others returned, they openly talked about having robbed someone and splitting up the proceeds. Although Rodriguez, the leaseholder and one of defendant's accomplices did not know SG's full name, they were able to identify the building where he lived. The resulting investigation into that residence uncovered defendant's real name and identity. Shortly thereafter, on June 15, 2012, defendant's photograph was identified in two separately administered photo arrays as depicting SG.

*Id.*[2]

On April 25, 2013, the trial court sentenced Petitioner to a determinate 15-year prison term with five years of post-release supervision on the second-degree burglary count and an indeterminate term of two-and-one-third to seven years on the robbery count with the sentences to run concurrently. *See*

---

[2] The remaining specific facts are known to the parties; and, therefore, the Court will repeat them only to the extent necessary to address Petitioner's claims.

*Green*, 127 A.D.3d at 1473; Dkt. No. 15-4 at SR 99-100.

Petitioner, through appellate counsel, appealed, raising the same arguments that he has set forth in this petition. *See* Dkt. No. 15, at SR 1-99 ("Appellant's Brief"). On April 23, 2015, the Appellate Division, Third Department, affirmed Petitioner's convictions. *See Green*, 127 A.D.3d at 1476. Petitioner, through appellate counsel, moved for leave to appeal to the New York Court of Appeals. *See* Dkt. No. 15-1, at SR 292. The New York Court of Appeals denied the leave application on March 7, 2016. *See id.* at SR 293; *People v. Green*, 27 N.Y.3d 965 (2016). This action followed.

### III. DISCUSSION

**A.     AEDPA standard of review**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief with respect to a claim adjudicated on the merits in state court only if, based upon the record before the state court, the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2); *Cullen v. Pinholster*, 563 U.S. 170, 181, 184-85 (2011) (quoting 28 U.S.C. § 2254(d)); *Premo v. Moore*, 562 U.S. 115, 120-21 (2011) (quoting 28 U.S.C. § 2254(d)); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). This standard is "'highly deferential'" and "'demands that state-court decisions be given the benefit of the doubt.'" *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (*per curiam*) (quoting *Renico v. Lett*, 559 U.S. [766, 773], 130 S. Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010)).

The Supreme Court has repeatedly explained that "a federal habeas court may overturn a state

court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents.'" *Nevada v. Jackson*, __ U.S. __, 133 S. Ct. 1990, 1992 (2013) (*per curiam*) (quoting *Harrington v. Richter*, 562 U.S. [86, 102], 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011)); *see Metrish v. Lancaster*, 569 U.S. 351, 358 (2013) (explaining that success in a habeas case premised on § 2254(d)(1) requires the petitioner to "show that the challenged state-court ruling rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" (quoting *Harrington v. Richter*, 562 U.S. ___, ___, 131 S. Ct. 770, 786-87, 178 L. Ed. 2d 624 (2011))).

Additionally, the AEDPA foreclosed "'using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts.'" *Parker v. Matthews*, 567 U.S. 37, 38 (2012) (*per curiam*) (quoting *Renico v. Lett,* 559 U.S. ___, ___, 130 S. Ct. 1855, 1856, 176 L. Ed. 2d 678 (2010)). A state court's findings are not unreasonable under § 2254(d)(2) simply "because the federal habeas court [reviewing the claim] would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010) (citation omitted). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable -- a substantially higher threshold." *Schriro*, 550 U.S. at 473 (citation omitted). Finally, federal habeas courts must presume that the state courts' factual findings are correct unless a petitioner rebuts that presumption with "'clear and convincing evidence.'" *Id.* at 473-74 (quoting § 2254(e)(1)).

**B.  Petitioner's claim that the trial court erred in denying his motion for a mistrial due to alleged juror misconduct (Ground One)**

Petitioner argues the trial court erred in denying his motion for a mistrial due to alleged juror

-5-

misconduct. *See* Petition at 6-8; Petitioner's Memorandum at 4-9. Respondent argues that, although the claim is unexhausted because Petitioner relies exclusively on state law, that the Court should, nonetheless, deem the claim exhausted and procedurally barred. *See* Respondent's Memorandum at 13-17. Respondent also argues that, in any event, the claim is not cognizable on habeas review because it is based on state law and that, in the alternative, the Appellate Division's rejection of the claim was consistent with Supreme Court law. *See id.* at 17-21; *Green*, 127 A.D.3d at 1474-75.

A federal court may grant habeas relief only on the ground that a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990)) (citing *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75, 79 L. Ed. 2d 29 (1984)). Moreover, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* (citations and footnote omitted).

Petitioner's claim rests on New York Criminal Procedure Law ("CPL") § 270.35(1), which describes circumstances under which a juror may be discharged. *See* Petition at 6; Petitioner's Memorandum at 4-9. Thus, Petitioner's claim is clearly a matter of state law that is not cognizable on habeas review. *See Moore v. Conway*, No. 08-CV-6390T, 2010 WL 4117411, *15 (W.D.N.Y. Oct. 20, 2010) (finding the petitioner's claim that the trial court erred in denying his motion for a mistrial based upon a "grossly unqualified" juror who was permitted to continue deliberating in violation of CPL § 270.35 was a matter of state law that was not cognizable on habeas review), *aff'd,* 476 F. App'x 928

(2d Cir. 2012); *see Rosado v. Unger*, No. 11 Civ. 3747, 2012 WL 5871606, *4 (S.D.N.Y. Nov. 20, 2012) (stating that "a trial court's discharge of a juror based upon 'gross misconduct' under N.Y. Crim. Proc. § 270.35(1) involves only an application of state law and does not present a federal constitutional question cognizable on habeas review" (citations omitted)); *see also Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (stating that "'federal habeas corpus relief does not lie for errors of state law'" (quotation omitted)). Accordingly, the Court denies and dismisses Petitioner's first claim for relief because it is not cognizable on habeas review.

**C.  Petitioner's claim that the trial court improperly admitted photographs of the victim (Ground Two)**

Petitioner claims that the trial court improperly admitted photographs of the victim in violation of his Sixth Amendment right to a fair trial by an "unbiased jury." *See* Petition at 8; Petitioner's Memorandum at 9-10.[3] Respondent argues that the Appellate Division's rejection of this claim was correct under state law, and the admission of the photographs did not deprive Petitioner of his right to a fair trial under the federal Constitution. *See* Respondent's Memorandum at 21.

The Appellate Division rejected Petitioner's claim and found that "the photographs of the victim depicting his injuries were not offered by the People solely to inflame the jury but, rather, because they were probative and supported a material issue, County Court properly exercised its discretion in allowing them into evidence[.]" *Green*, 127 A.D.3d at 1476 (citations omitted).

---

[3] Although Petitioner made a passing reference in his argument to the Fourth, Fifth, Eighth, and Fourteenth Amendments, as well as the New York State Constitution, Petitioner's claim is that his Sixth Amendment right was violated. *See* Petitioner's Memorandum at 9-10. Moreover, the cases Petitioner cited for support do not discuss violations of these other amendments. *See id.* Rather, these cases are state-court cases that pertain to the admissibility of photographs under state law. *See id.*

The Sixth Amendment, made applicable to the states by the Fourteenth Amendment, provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right to a . . . trial, by an impartial jury[.]" U.S. Const. amend. VI. "[T]he right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors." *Irvin v. Dowd*, 366 U.S. 717, 722 (1961). "It is not required, however, that the jurors be totally ignorant of the facts and issues involved." *Id.* "To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard." *Id.* at 723. Instead, "[i]t is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." *Id.* (citations omitted).

Here, Petitioner's argument is that the trial court erred in admitting the photographs. *See* Petition at 8; Petitioner's Memorandum at 9-10. Generally, "rulings by the state trial court on evidentiary questions are a matter of state law and pose no constitutional issue." *Roberts v. Scully*, 875 F. Supp. 182, 189 (S.D.N.Y.) (citations omitted), *aff'd,* 71 F.3d 406 (2d Cir. 1995). "Under New York law, the trial court judge has broad discretion in determining the admissibility of photographs[.]" *Moloi v. Riley*, 762 F. Supp. 36, 38 (E.D.N.Y. 1991) (citations omitted) (finding no error in admission of photographs, noting the photographs at issue were probative of the petitioner's innocence or guilt and were relevant). Photographs "shall only be excluded if [their] sole purpose is to prejudice the defendant." *Id.* (citing *People v. Pobliner*, 32 N.Y.2d 356, 369-70, 345 N.Y.S.2d 482, 493, 298 N.E.2d 637, 645 [1973], *cert. denied*, 416 U.S. 905, 94 S. Ct. 1609, 40 L. Ed. 2d 110 [1974]) (other citation omitted). However, "[d]emonstrative or physical evidence is generally admissible if, for instance, 'it tends to prove or disprove a disputed or material issue.'" *McCullough v. Filion*, 378 F. Supp. 2d 241,

254 (W.D.N.Y. 2005) (quoting *People v. Pobliner*, 32 N.Y.2d 356, 369, 345 N.Y.S.2d 482, 298 N.E.2d 637 (1973), *cert. denied*, 416 U.S. 905, 94 S. Ct. 1609, 40 L. Ed. 2d 110 (1974)).

The Appellate Division reasonably concluded that the trial court did not err in admitting the photographs. *See Green*, 127 A.D.3d at 1476. The photographs were probative of the physical injuries the victim sustained and were pertinent to at least one of the charged offenses, burglary in the first degree, *see* N.Y. Penal Law § 140.30(2), which required physical injury as an element.[4] *See People v. Madison*, 106 A.D.3d 1490, 1492-93 (4th Dep't 2013) (finding the photographs of the victim's injuries were properly admitted because, among other things, they were relevant to the physical injury element of an assault count); *People v. Francis*, 83 A.D.3d 1119, 1122 (3d Dep't 2011) (finding no abuse of discretion in the trial court's admission of photographs depicting the victim's stab wounds, stating, "The photographs were probative of the disputed physical injury and serious physical injury elements of several of the charges against defendant and were not admitted solely to arouse the jury's emotions[.]"). In addition, the victim was unavailable to testify because he was deceased, and the photographs showed the victim's condition at the time of the incident. *See* Dkt. No. 15-3, Trial Transcript at 38, 53-55. Further, the photographs corroborated evidence that Petitioner had caused the victim's injuries. For

---

[4] Petitioner claims there was no reason for the trial court to admit the photographs because he "never challenged" that the victim had been injured and "did not challenge the extent of his injuries." *See* Petition at 8. Petitioner appears to refer to trial counsel's statement during her objection to the admission of the photographs that the defense would not contest the injury and would "stipulate he has physical injury." *See* Dkt. No. 15-3, Trial Transcript at 53. However, "[g]enerally, 'the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it.'" *Magnetti v. Andrews*, No. 12 Civ. 0150, 2014 U.S. Dist. LEXIS 97817, *55 (S.D.N.Y. Feb. 19, 2014) (finding the prosecution was free to reject the petitioner's stipulation that another individual committed an offense and to rely on its own choice of evidence to establish that the individual committed the predicate offense) (quoting *Old Chief v. United States*, 519 U.S. 172, 186-87, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997)).

instance, Nakeya Rodriguez testified that Petitioner had struck and kicked the victim. *See id.* at 75-76. Antoine Daniels testified that Petitioner had hit the victim with a "fake gun." *See id.* at 353-54. The photographs also corroborated testimony regarding the victim's injuries that Charles Luke, *see id.* at 32, 44-45; Lieutenant Todd Waldin, *see id.* at 49-53; Detective Jason Johnston, *see id.* at 181-84; and Dr. Rebecca Stetzer, *see id.* at 273-76, provided. Thus, the photographs tended to prove a material issue, were not offered solely to prejudice Petitioner, and were not the only evidence offered to the jury regarding the victim's injuries. *See People v. Alvarez*, 38 A.D.3d 930, 931 (3d Dep't 2007) (finding the defendant was not denied a fair trial by the admission of, among other things, photographs where the photographs were "relevant to refute defendant's story," "to elucidate the testimony of the medical examiner," "to show intent . . . and to illustrate the type of weapon used." (citations omitted)); *People v. Alburger*, 248 A.D.2d 746, 746 (3d Dep't 1998) (stating that, "unless photographs lack probative value and are presented solely for the purpose of inflaming a jury, they are admissible in a criminal trial, particularly where they tend to support a material issue or corroborate other evidence in the case" (citations omitted)).

In any event, the jury found Petitioner guilty of only two charged offenses, burglary in the second degree, *see* N.Y. Penal Law § 140.25(2), and robbery in the third degree, N.Y. Penal Law § 160.05, both of which did not include physical injury as an element and were lesser included offenses. *See* Dkt. No. 15-4, Trial Transcript at 76-77; *see* Appellant's Brief at SR 7. Thus, Petitioner's acquittal of the offenses that included physical injury as an element belies his claim that the trial court erred in admitting the photographs. *See Magnetti v. Andrews*, No. 12 Civ. 0150, 2014 U.S. Dist. LEXIS 97817, *56 (S.D.N.Y. Feb. 19, 2014) (noting that the petitioner's acquittal of the most serious charge "belie[d] [his] assertion that the crime scene evidence was so inflammatory as to deprive her of

a fair trial"), *adopted in part and rejected in part*, 2014 U.S. Dist. LEXIS 97287, *2 (S.D.N.Y. July 17, 2014). Thus, the Appellate Division's rejection of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law. Accordingly, the Court denies and dismisses Petitioner's claim of an alleged Sixth Amendment violation.

**D.     Petitioner's claims regarding the admission of certain evidence (Grounds Three, Four, and Five)**

Petitioner asserts the following claims: (1) the trial court improperly admitted the victim's call to 911 because the prosecutor failed to lay the proper foundation (Ground Three); (2) the trial court should have precluded the victim's call to 911 because the prosecutor failed to serve timely notice of intent to offer the evidence at trial under CPL § 710.30(2) (Ground Four); and (3) the trial court should have precluded a photo array identification because the prosecutor failed to serve timely notice of intent to offer the evidence at trial under CPL § 710.30 (Ground Five). *See* Petition at 8-12; Petitioner's Memorandum at 11-20. Respondent argues that these claims are not cognizable because Petitioner relies exclusively on state law and presents no federally cognizable claims. *See* Respondent's Memorandum at 24-29. The Appellate Division found Petitioner's claims unpersuasive and "reject[ed]" them. *Green*, 127 A.D.3d at 1475-76.

As already noted, a federal court may grant habeas relief only on the ground that a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* (citations and footnote omitted).

-11-

Regarding Petitioner's claim that the trial court improperly admitted the victim's call to 911 because the prosecutor failed to lay the proper foundation, Petitioner is merely rearguing his state evidentiary claim. *See* Appellant's Brief at SR 35-36. Accordingly, the Court dismisses this claim as not cognizable. *See Sudler v. Griffin*, No. 9:12-CV-0367, 2013 WL 4519768, *4 (N.D.N.Y. Aug. 26, 2013) (finding the petitioner was "merely rearguing his state evidentiary claim" and the petitioner "raised only an evidentiary claim that was not resolved in petitioner's favor," which was not cognizable).

Regarding Petitioner's claims that the trial court should have precluded the victim's call to 911 and a photo array identification because the prosecutor failed to serve timely notice of intent to offer this evidence at trial under CPL § 710.30, the Court dismisses these claims as not cognizable because they involve only the prosecution's alleged failures to comply with a state procedural rule. *See Welch v. Artus*, No. 04-CV-205S, 2007 WL 949652, *39 (W.D.N.Y. Mar. 29, 2007) (collecting cases).

In sum, Petitioner's claims present questions of state law that are not subject to federal habeas review. *See Swarthout*, 562 U.S. at 219 (stating that "'federal habeas corpus relief does not lie for errors of state law'" (quotation omitted)). Moreover, Petitioner has not alleged a deprivation of a right that the federal Constitution protects, which would warrant habeas relief. *See* 28 U.S.C. § 2254(a). Accordingly, the Court denies and dismisses these claims as not cognizable on federal habeas review.

**E.     Petitioner's claim that trial counsel was ineffective (Ground Four)**

Petitioner claims trial counsel was ineffective for failing to seek suppression of the 911 recording and "[t]o the extent [she] failed to adequately object to [the admission of] the 911 recording." *See* Petitioner's Memorandum at 14, 16. Respondent argues that this claim is meritless because the

-12-

prosecutor was not required to serve notice, and the Appellate Division properly rejected Petitioner's claim. *See* Respondent's Memorandum at 26-27.

To demonstrate constitutionally ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of professional reasonableness; and, but for counsel's alleged errors, the result of the proceedings would have been different, and as a result, petitioner suffered prejudice. *See Premo*, 562 U.S. at 121-22; *Strickland v. Washington*, 466 U.S. 668, 694 (1984). "*Strickland* does not guarantee perfect representation, '"only a reasonably competent attorney."'" *Harrington*, 562 U.S. 86, 110 (2011) (quotation omitted). A petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . [and] that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, [350 U.S. 91,] 101, 76 S. Ct., at 164 [(1955)]). Even if a petitioner can establish that counsel was deficient, he still must show that he suffered prejudice. *See Strickland*, 466 U.S. at 693-94.

Meeting this burden is "'"never an easy task" . . . [and] "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult."'" *Premo*, 562 U.S. at 122 (quotations and other citations omitted); *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) (stating that "AEDPA erects a formidable barrier" to federal habeas review of claims that have been adjudicated in state court). When reviewing a state court's decision under section 2254, "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable -- a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quotation omitted). "Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under §

2254(d)" because "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable." *Harrington*, 562 U.S. at 105. Instead, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

The Appellate Division reasonably found Petitioner's contention meritless. *See Green*, 127 A.D.3d at 1475-76. This determination was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Viewing the record as a whole, the record reveals that trial counsel made several pretrial motions, such as motions for a *Mapp* hearing,[5] *see* Dkt. No. 15-2, at 17-18; a *Sandoval* hearing,[6] *see id.* at 171, 174-78; and a motion to sever Petitioner's trial, *see id.* at 179-84. Trial counsel also moved to preclude a post-arraignment identification of Petitioner, *see* Dkt. No. 15, at SR 88, 139-48; and moved to suppress other evidence, *see id.* at SR 91, 138. Trial counsel pursued a credible theory of defense, *see* Dkt. No. 15-3, Trial Transcript at 25-31, 413-25; made several objections to testimony and exhibits that the People offered, including the 911 recording,[7] *see id.* at 42, 53-54, 62-63, 68, 70, 73, 285-87, 293, 316, 317, 355; conducted vigorous cross-examination of the People's witnesses, *see id.* at 46-49, 56-58, 85-105, 110-47, 149-52, 155-61, 169-77, 179-81,

---

[5] "A *Mapp* hearing is called for when the defendant alleges that physical evidence sought to be used against him or her was obtained illegally by law enforcement officers and is inadmissible at trial." *Montgomery v. Wood*, 727 F. Supp. 2d 171, 186 (W.D.N.Y. 2010) (citations omitted); *see Mapp v. Ohio*, 367 U.S. 643 (1961).

[6] "'[A} *Sandoval* hearing is held, upon a defendant's request, to determine the extent to which he will be subject to impeachment by cross-examination about prior bad acts if he testifies.'" *Grayton v. Ercole*, 691 F.3d 165, 173 (2d Cir. 2012) (quotation omitted); *see People v. Sandoval*, 34 N.Y.2d 371 (1974).

[7] In addition, trial counsel elicited testimony from the 911 dispatcher, who spoke to the victim, that the 911 dispatcher did not know where the original recording of the 911 call was kept, never listened to the original 911 tape, and did not have an opportunity to compare the original 911 tape to the copy made for the People. *See* Dkt. No. 15-3, Trial Transcript at 67-68.

225-46, 261-71, 296-315, 317-19, 340-45, 358-77; moved for a trial order of dismissal pursuant to CPL § 290.10 at the close of the People's case, arguing that the People had failed to prove a physical injury or utilization of a dangerous instrument, *see id.* at 379-84; moved for a mistrial and discharge of a juror due to a juror viewing outside information, *see* Dkt. No. 15-4, Trial Transcript at 64-67; and otherwise provided Petitioner with meaningful representation, *see* Dkt. Nos. 15-2, Trial Transcript at 189-453; 15-3, Trial Transcript at 1-444; 15-4, Trial Transcript at 1-83. Indeed, Petitioner was found not guilty of most of the charges, which included burglary in the first degree (Counts One and Two); robbery in the first degree (Count Four); robbery in the second degree (Count Six); and robbery in the second degree (Count Seven). *See* Dkt. No. 15-4, Trial Transcript at 75-78. "[I]t is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy." *Harrington*, 562 U.S. at 111.

In sum, Petitioner has failed to show that trial counsel's performance fell below an objective standard of professional reasonableness and that, but for counsel's alleged errors, the result of the proceedings would have been different. Accordingly, the Court denies and dismisses this claim for relief.

**F.     Petitioner's claim that the police lacked probable cause to arrest him (Ground Six)**

Petitioner claims the police lacked probable cause to arrest him and that, therefore, his arrest violated his Fourth Amendment rights. *See* Petition at 15; Petitioner's Memorandum at 20-24. Respondent argues that *Stone v. Powell*, 428 U.S. 465 (1976) ("*Powell*") bars this claim. *See* Respondent's Memorandum at 29-31.

On direct appeal, the Appellate Division affirmed the finding that there was probable cause to

-15-

support Petitioner's arrest. *See Green*, 127 A.D.3d at 1473-74. This Court also rejects Petitioner's claim, however, on the basis that *Powell* precludes Petitioner's Fourth Amendment claim. In *Powell*, the Supreme Court held that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Powell*, 428 U.S. at 481-82 (footnote omitted). Federal habeas review of Fourth Amendment claims in habeas petitions is "undertaken in only one of two instances: (a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992) (citations omitted).

Petitioner does not allege that New York failed to provide a corrective procedure to redress his alleged Fourth Amendment violation. Indeed, Petitioner was plainly afforded access to state-court procedures to remedy any Fourth Amendment violation. *See Butler v. Heath*, No. 12 Civ. 3327, 2015 WL 3403926, *18 (S.D.N.Y. May 22, 2015) (finding the petitioner "was plainly afforded access to state-court procedures to remedy any Fourth Amendment violation" where the state court considered the petitioner's pre-trial motion to suppress and held a suppression hearing, and the Appellate Division considered petitioner's Fourth Amendment claim (citing *Capellan*, 975 F.2d at 70, n.1 (noting that "federal courts have approved New York's procedure for litigating Fourth Amendment claims . . . as being facially adequate" (citations omitted)) (other citation omitted); *Nunez v. Conway*, 923 F. Supp. 2d 557, 568 (S.D.N.Y. 2013) (dismissing Fourth Amendment claim where "the trial court conducted a suppression hearing on [the petitioner's] probable cause and suggestive identification claims . . . [and]

the petitioner then litigated those claims before the Appellate Division and sought review from the Court of Appeals").

Moreover, Petitioner invoked the state's corrective processes when he raised his probable cause argument during a pre-trial *Dunaway* suppression hearing.[8] *See* Dkt. No. 15, at SR 92-95; Dkt. No. 15-2, at 14-159. Petitioner further availed himself of state procedures to challenge the propriety of his arrest when he raised his argument on direct appeal. *See* Appellant's Brief at SR 46-50.

Petitioner also does not allege that an unconscionable breakdown occurred in the existing process in violation of his constitutional rights. *See Capellan*, 975 F.2d at 70-71 (noting collateral review would be appropriate "if the state had furnished no process, or if the process furnished was 'claimed to be meaningless [because] the totality of state procedures allegedly did not provide rational conditions for inquiry into federal-law . . . questions'" (citation omitted)). "In short an unconscionable breakdown in the state's process must be one that calls into serious question whether a conviction is obtained pursuant to those fundamental notions of due process that are at the heart of a civilized society." *Cappiello v. Hoke*, 698 F. Supp. 1042, 1050 (E.D.N.Y.), *aff'd*, 852 F.2d 59 (2d Cir. 1988) (*per curiam*). "Clearly, then, a petitioner's mere disagreement with the outcome of the state courts' rulings 'is not the equivalent of an unconscionable breakdown in the state's corrective process.'" *Mobley v. Kirkpatrick*, 778 F. Supp. 2d 291, 303 (W.D.N.Y. 2011) (quoting *Capellan*, 975 F.2d at 72) (other citations omitted). Thus, Petitioner's disagreement with the outcome of his argument that the police lacked probable cause to arrest him does not constitute an unconscionable breakdown in the

---

[8] "[A] *Dunaway* hearing is used to determine whether a statement or other intangible evidence obtained from a person arrested without probable cause should be suppressed at a subsequent trial." *Montgomery v. Wood*, 727 F. Supp. 2d 171, 185-86 (W.D.N.Y. 2010); *see Dunaway v. New York*, 442 U.S. 200 (1979).

state's corrective processes. In sum, *Powell* bars this claim. *See* 428 U.S. at 481-82.

## IV. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the petition for a writ of habeas corpus, *see* Dkt. No. 1, is **DENIED and DISMISSED**; and the Court further

**ORDERS** that no Certificate of Appealability ("COA") shall issue because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[9] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: September 19, 2017
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

---

[9] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (holding that "§ 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'"); *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (citation omitted)).